## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**SHAWNTA AIKEN,**
c/o Hansel Law, P.C.
2514 North Charles Street
Baltimore, Maryland 21218

      *Plaintiff*,

  v.

**FEDERAL BUREAU OF PRISONS**
**Serve:** Michael Carvajal, Director
320 First Street, N.W.
Washington, D.C. 20534

**DAVID R. WILSON**
*In His Official Capacity as Warden*
FPC Alderson
Glen Ray Road, Box A
Alderson, West Virginia 24910

and

**JERROD GRIMES**,
Prisoner Number 70310-018
FCI Bastrop
1341 Highway 95 North
Bastrop, Texas 78602

      *Defendants*.

**Case No.: _____**

*Jury Trial Demanded*

## COMPLAINT AND JURY DEMAND

    Comes now the Plaintiff, by and through undersigned counsel, Cary J. Hansel, and the law firm of Hansel Law, P.C., and sues the above-named defendants, in support thereof stating as follows:

## INTRODUCTION

1)      This lawsuit arises from the sexual abuse and harassment suffered by Plaintiff while she was incarcerated as an inmate at FPC Alderson, in the care and custody of Defendants BOP, Wilson, and Grimes.

2)      Plaintiff was subjected to persistent verbal sexual harassment inflicted by Defendant Grimes, the Captain of FPC Alderson and a correctional officer with custodial, supervisory, and disciplinary authority over Plaintiff, on a daily basis from January 2017 to October 2017.

3)      In or about late September 2017, the verbal harassment escalated, and Defendant Grimes sexually assaulted Plaintiff in his office by forcibly kissing Plaintiff, groping Plaintiff's breast through her shirt, throwing Plaintiff on a side table, pulling down Plaintiff's pants, and attempting to penetrate Plaintiff while Plaintiff yelled and screamed for him to stop.

4)      Defendant Grimes' conduct arose from a pervasive and implicitly condoned culture of sexual abuse and harassment of inmates within FPC Alderson. Defendant Grimes, who has since been convicted of multiple counts of sexual abuse, has pled guilty to numerous sexual assaults spanning from November 2016 through December 2017, the earliest of which occurred almost a year prior to Defendant Grimes' sexual assault of Plaintiff in late September 2017.

5)      Defendant Wilson and Defendant BOP, along with other correctional officers employed at FPC Alderson, were aware of the abusive culture and repeated allegations of officer-on-inmate sexual assault, but failed to take the necessary actions to protect Plaintiff and the inmates within Defendants' care and custody, including, but not limited to, adequately investigating, reporting allegations, and disciplining responsible parties. Further, Defendant Wilson and Defendant BOP failed to adhere to PREA regulations and Defendant BOP's policies

specifically intended to eliminate guard-on-inmate sexual abuse, allowing Defendant Grimes the opportunity to sexually assault Plaintiff.

6)      As a result of the sexual assault and harassment inflicted by Defendant Grimes and permitted to occur due to the failure of Defendant BOP and Defendant Wilson to comply with PREA and the policies implemented by Defendant BOP, Plaintiff has suffered significant emotional, psychological and physical stress, among other personal and pecuniary injuries.

## JURISDICTION AND VENUE

7)      Jurisdiction is proper in this Honorable Court under 28 U.S.C. § 1331 and 1346(b)(1) because this is a civil action arising under the Constitution, laws, or treaties of the United States, and this claim is brought against the United States of America under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*

8)      Venue is proper in this Honorable Court under 28 U.S.C. § 1402(b), as this civil action involves a tort claim against the United States under 28 U.S.C. § 1346(b)(1) and the Plaintiff is a resident of the District of Columbia.

9)      Plaintiff has exhausted her administrative remedies, as she filed a Federal Tort Claims Act Notice and Claim Form 95 on May 30, 2019 with the Federal Bureau of Prisons and its Mid-Atlantic Regional Office. On February 3, 2020, the Federal Bureau of Prisons mailed a letter to Plaintiff's counsel denying Plaintiff's claim. Plaintiff has filed this action within six months of receiving the Federal Bureau of Prison's denial of her claim.

## PARTIES

10)      Plaintiff Shawnta Aiken ("**Plaintiff**") is an adult citizen of the District of Columbia. At all times relevant to this complaint, Plaintiff was an inmate in the care and custody of the Federal Bureau of Prisons at Federal Prison Camp Alderson, located at Glen Ray Road, Alderson,

West Virginia 24910 ("**FPC Alderson**"). Plaintiff is willing to provide her current address confidentially to this Court and under attorneys' eyes only review during discovery, to avoid disclosing her address to her sexual abuser.

11)     Defendant Federal Bureau of Prisons ("**Defendant BOP**") is a *sui juris* body politic and corporate, with the power to sue and be sued. Defendant BOP is responsible for the care and custody of federal inmates, including inmates incarcerated at FPC Alderson.

12)     Defendant David R. Wilson ("**Defendant Wilson**") is, and was at all times relevant to the occurrence complained of herein, upon information and belief, an adult resident of the state of West Virginia. At all relevant times, Defendant Wilson was employed by Defendant BOP as the Warden of FPC Alderson. Pursuant to his official duties, Defendant Wilson had full administrative responsibility for the entirety of FPC Alderson. Defendant Wilson was responsible for ensuring the facility-wide adherence to the rules and regulations implemented pursuant to the Prison Rape Elimination Act, 34 U.S.C. § 30301, *et seq*. ("**PREA**"), concerning sexually abusive conduct by guards against inmates. Defendant Wilson was also responsible for the supervising, training, and disciplining of guards at FPC Alderson.

13)     Defendant Jerrod Grimes ("**Defendant Grimes**") is a currently incarcerated inmate housed at Federal Correctional Institution Bastrop, located at 1341 Highway 95 North, Bastrop, Texas 78602. Defendant Grimes was employed by Defendant BOP as the Captain of FPC Alderson from on or about April 17, 2016 until December 20, 2017. As Captain, Defendant Grimes was responsible for all security and correctional functions at FPC Alderson, with the authority to start disciplinary proceedings against inmates and dictate inmate housing and work assignments. Defendant Grimes was also responsible for ensuring staff compliance with PREA at FPC Alderson. At all times relevant herein, all of the inmates at FPC Alderson, including Plaintiff, were

4

under Defendant Grimes' custodial, supervisory, and disciplinary authority by virtue of his position as Captain.

### FACTS COMMON TO ALL COUNTS

**Defendant Grimes' Sexual Harassment and Sexual Assault of Plaintiff**

14)     On or about January 2017, Plaintiff was an inmate at FPC Alderson, within the care and custody of Defendants BOP and Wilson, and under Defendant Grimes' custodial, supervisory, and disciplinary authority by virtue of Defendant Grimes' employment as Captain of FPC Alderson.

15)     Starting in January 2017, Defendant Grimes began to sexually harass Plaintiff.

16)     On a nearly daily basis, Defendant Grimes subjected Plaintiff to persistent verbal sexual harassment. Defendant Grimes made sexually explicit comments to Plaintiff, such as, "If I could get you alone," and "If you give me a chance."

17)     On a nearly daily basis, Defendant Grimes also sexually harassed Plaintiff by commenting on her appearance, and making statements about Plaintiff's figure and physicality.

18)     Plaintiff suffered Defendant Grimes' sexual harassment for months, until Defendant Grimes' conduct escalated to sexual assault in September 2017.

19)     On or about late September 2017, Defendant Grimes called Plaintiff into his office at 8:00 p.m. Plaintiff was required to appear in Defendant Grimes' office once summoned; during her incarceration at FPC Alderson, Plaintiff was required to obey the commands of Defendant BOP's guards, including Defendant Grimes.

20)     Inmates who fail to obey the commands of Defendant BOP's guards are subject to discipline for insubordination, which can result in punishment ranging from loss of good conduct time to placement in segregated housing units.

21)     Despite a guard usually being stationed at a booth in the hallway outside Defendant Grimes' office, there was no guard stationed when Plaintiff approached. Plaintiff entered Defendant Grimes' office alone. Defendant Grimes had the lights dimmed and the blinds closed in his office, completely isolating Plaintiff.

22)     After Plaintiff entered his office, Defendant Grimes said, "You know why I called you down here." Defendant Grimes then showed Plaintiff a write-up regarding an incident that Plaintiff had with another inmate earlier that day, and told Plaintiff, "If you want some dick, you should've just told me."

23)     Defendant Grimes then proceeded to unbutton his pants and reveal his penis to Plaintiff. Defendant Grimes pulled Plaintiff's chin up to kiss her, and groped Plaintiff's breast through her shirt.

24)     Plaintiff tried to get away from Defendant Grimes, but as she attempted to move towards the door, Defendant Grimes grabbed Plaintiff by the shoulders, and threw Plaintiff face forward on a side table with her backside facing Defendant Grimes.

25)     Defendant Grimes then pulled Plaintiff's pants down. Plaintiff yelled and screamed for Defendant Grimes to get off of her, as Defendant Grimes attempted to penetrate her.

26)     A female guard heard Plaintiff's yelling, and knocked on the door of Defendant Grimes' office.

27)     Plaintiff was able to escape from Defendant Grimes after the female guard knocked, and ran out of Defendant Grimes' office.

28)     As a result of the sexual assault and harassment inflicted by Defendant Grimes, Plaintiff has suffered significant emotional, psychological and physical stress, among other personal and pecuniary injuries.

**The Continuing Pattern of Sexually Abusive Behavior Towards Female Inmates at FPC Alderson**

29)     Plaintiff was not the only female inmate subjected to sexual abuse and harassment by Defendant Grimes. Defendant Grimes was subsequently charged in a thirteen-count indictment including ten charges of sexual abuse of a ward and three charges of abusive sexual contact involving a ward. Defendant Grimes pled guilty to six of the charges, including four of the charges for sexual abuse of a ward and two of the charges for abusive sexual contact involving a ward.

30)     In Defendant Grimes' plea agreement, he admitted to engaging in sexual intercourse with numerous female inmates between April 2017 and December 2017, and touching other female inmates with the intent of gratifying his sexual desire.

31)     With regard to Plaintiff, Defendant Grimes admitted that he placed his hand on Plaintiff's breast "with the intent of gratifying my sexual desire," in his office at FPC Alderson. Case 5:18-cr-00069, ECF 32 at 14.

32)     Many of the instances of sexual abuse admitted to by Defendant Grimes occurred *prior* to Defendant Grimes' sexual abuse of Plaintiff in his office in late September 2017. For example, Defendant Grimes admitted to:

   a)  Engaging in sexual intercourse with a female inmate at the Warden's house at FPC Alderson in or about November 2016;

   b)  Engaging in sexual intercourse with a female inmate at the training center at FPC Alderson in or about April 2017;

   c)  Engaging in sexual intercourse with a female inmate on multiple occasions at the training center at FPC Alderson, starting in May 2017 and continuing through October 2017;

d)  Engaging in sexual intercourse with a female inmate in the medical building at FPC Alderson on or about July 12, 2017;

e)  Engaging in sexual intercourse with a female inmate on multiple occasions in his office at FPC Alderson, starting in August 2017;

f)  Engaging in sexual intercourse with a female inmate on multiple occasions in his office at FPC Alderson, beginning in September 2017; and

g)  Engaging in sexual acts with a female inmate on multiple occasions in his office at FPC Alderson, starting in September 2017, involving contact between Defendant Grimes' penis and the female inmate's mouth.

33)    Defendant Grimes' conduct arose from a pervasive and implicitly condoned culture of sexual abuse and harassment of inmates within FPC Alderson. Upon information and belief, many other correctional officers also sexually abused, harassed, and/or engaged in sexual contact with the female inmates in their care and custody.

34)    This abusive culture of sexual abuse, harassment, and/or sexual contact between officers and inmates was widespread and well known to FPC Alderson inmates and FPC Alderson employees.

35)    Defendant Wilson and Defendant BOP, along with other correctional officers employed at FPC Alderson, were aware of the abusive culture and repeated allegations of officer-on-inmate sexual assault, but failed to take the necessary actions to protect the inmates within Defendants' care and custody, including, but not limited to, adequately investigating, reporting allegations, and disciplining responsible parties.

36)     Additionally, Defendant Wilson and Defendant BOP were aware of Defendant Grimes' continuous pattern of sexual abuse, as other female inmates victimized by Defendant Grimes submitted formal complaints regarding Defendant Grimes' conduct.

37)     C.L., another victim of Defendant Grimes identified by a pseudonym to protect her anonymity as a victim of sexual abuse, was raped by Defendant Grimes in April 2017 at the Training Center in FPC Alderson, in addition to other sexual assaults occurring for months thereafter. Upon information and belief, C.L. filed a formal administrative grievance regarding the conduct of Defendant Grimes shortly thereafter, prior to Defendant Grimes' assault of Plaintiff, to comply with the administrative exhaustion requirement of the Prisoner Litigation Reform Act prior to C.L.'s filing of a civil suit against Defendant Grimes and the United States of America on November 1, 2019, while C.L. was still incarcerated. Case 1:19-cv-00792, ECF 1.

38)     V.J., another victim of Defendant Grimes identified by a pseudonym to protect her anonymity as a victim of sexual abuse, filed a formal administrative remedy request on April 29, 2017, describing an incident in which Defendant Grimes forced her into a chair and stood so close that V.J. "had to flinch to keep my mouth from being pressed to his crotch." V.J. further stated that she was afraid to send the administrative remedy request through FPC Alderson, as "[w]e are all scared of retaliation. It is very real here. I was already warned by Admin that it was a bad idea to pursue this and that the Captain had just had 'a bad day.'" V.J.'s administrative remedy request was received by regional counsel in Defendant BOP's Mid-Atlantic Office, which denied V.J.'s request as she had not filed it through the institution.

39)     Due to the pervasiveness of Defendant Grimes' sexual misconduct and the formal administrative remedy requests filed by at least two victims of Defendant Grimes' conduct,

Defendant BOP and Defendant Wilson became aware of Defendant Grimes' sexually abusive conduct prior to his sexual assault of Plaintiff in or about late September 2017.

40)     This widespread, abusive culture within FPC Alderson permitted FPC guards, including Defendant Grimes, to predatorily arrange to be alone with the inmates within their custodial, supervisory, and disciplinary authority and take sexual advantage of such inmates.

41)     Due to the widespread, abusive culture within FPC Alderson, inmates faced threats of serious repercussions should inmates report the sexual abuse, harassment, and/or misconduct. Further, such reports of sexual abuse, harassment, and/or misconduct were provided to and investigated by Defendant Grimes, who was frequently the perpetrator of such sexual abuse, harassment, and/or misconduct.

### Defendant BOP and Defendant Wilson's Responsibility to Protect the Inmates Within Their Care and Custody and Implement Regulations Under PREA

42)     Defendant Grimes' sexual misconduct, as admitted to in his guilty plea, dates back to November 2016, nearly a year prior to Defendant Grimes' sexual assault of Plaintiff in late September 2017. Defendant Grimes' sexual misconduct continued for over a year before his retirement on or about December 20, 2017.

43)     It is well-established, and well-known to the Defendants, and all employees and agents of Defendant BOP working at FPC Alderson who maintain custodial, supervisory, and/or disciplinary authority over the inmates at FPC Alderson that any sexual contact between inmates and prison guards is wrong and illegal.

44)     Engaging in a sexual act with a person held in official detention and under the custodial, supervisory, or disciplinary authority of the perpetrator is illegal under federal law. 18 U.S.C. § 2243(b).

45)     Sexual contact between inmates and prison guards is also prohibited by Defendant BOP's policies, in effect at all relevant times.

46)     All Defendants knew, or should have known, that sexual contact between inmates and prison guards is illegal under federal law and prohibited by Defendant BOP's policies.

47)     It has been recognized under PREA that "[v]ictims of prison rape suffer severe physical and psychological effects that hinder their ability to integrate into the community and maintain stable employment upon their release from prison." 34 U.S.C. § 30301(11).

48)     It is further recognized that "[t]he high incidence of sexual assault within prisons involves actual and potential violations of the United States Constitution," as "deliberate indifference to the substantial risk of sexual assault violates prisoners' rights under the Cruel and Unusual Punishments Clause of the Eight Amendment." 34 U.S.C. § 30301(13).

49)     Thus, PREA was implemented to "establish a zero-tolerance standard for the incidence of prison rape in prisons in the United States," develop "national standards for the detection, prevention, reduction, and punishment of prison rape," and "protect the Eight Amendment rights of Federal, State, and local prisoners." 34 U.S.C. § 30302.

50)     The national standards adopted pursuant to PREA were applicable to Defendant BOP immediately upon adoption. 34 U.S.C. § 30307(b). Such standards were in effect at all times relevant to the occurrences described herein.

51)     It is the duty of the Defendants, and all employees and agents of Defendant BOP, to adhere to the standards and regulations set pursuant to PREA.

52)     The standards and regulations under PREA are well-established, and well-known to the Defendants, and all employees and agents of Defendant BOP working at FPC Alderson who maintain custodial, supervisory, and/or disciplinary authority over the inmates at FPC Alderson.

11

53)     All Defendants knew, or should have known, the standards and regulations implemented pursuant to PREA.

54)     Pursuant to PREA, Defendant BOP's policies required the training of all employees who may have contact with inmates on Defendant BOP's zero-tolerance policy for sexual abuse and sexual harassment.

55)     Pursuant to PREA, Defendant BOP's policies required the training of all employees who may have contact with inmates on how to fulfill their responsibilities regarding the prevention, detection, and reporting of sexual abuse and sexual harassment.

56)     Pursuant to PREA, Defendant BOP's policies established non-discretionary procedures for its employees to follow when handling sexual abuse complaints.

57)     Pursuant to PREA, Defendant BOP's policies established non-discretionary, clear procedures for all employees to follow when dealing with suspected sexual victimization of inmate wards.

58)     Pursuant to PREA, Defendant BOP's policies mandated administrative disciplinary action for any inappropriate contact or sexual behavior with an inmate.

59)     It was Defendant BOP's and Defendant Wilson's duty to ensure that all policies implemented pursuant to PREA were adhered to.

60)     It was Defendant Grimes' duty to adhere to all policies implemented pursuant to PREA.

61)     Despite the fact that the widespread, abusive culture within FPC Alderson was well-known to the inmates, administrators, and guards at FPC Alderson, Defendant BOP's employees and agents—who were required, under Defendant BOP's policies, to report sexual abuse, sexual

harassment, and/or sexual misconduct—failed to adhere to such policies and report the sexual abuse and harassment inflicted by Defendant Grimes.

62)    Defendant Wilson failed to ensure that the administrators and guards at FPC Alderson adhered to Defendant BOP's policies to report sexual abuse and harassment.

63)    Defendant Grimes failed to adhere to Defendant BOP's policies to report the sexual abuse and harassment he inflicted on female inmates at FPC Alderson.

64)    Despite the fact that the widespread, abusive culture within FPC Alderson was well-known to the inmates, administrators, and guards at FPC Alderson, Defendant BOP's employees and agents failed to investigate the sexual abuse and harassment as required pursuant to PREA and Defendant BOP's policies.

65)    Defendant Wilson failed to ensure that the administrators and guards at FPC Alderson adhered to Defendant BOP's policies to investigate sexual abuse and harassment.

66)    Defendant Grimes failed to adhere to Defendant BOP's policies to investigate the sexual abuse and harassment he inflicted on female inmates at FPC Alderson.

67)    Despite the fact that the widespread, abusive culture within FPC Alderson was well-known to the inmates, administrators, and guards at FPC Alderson, Defendant BOP's employees and agents failed to adhere to their responsibility pursuant to PREA and Defendant BOP's policies to take administrative disciplinary action against Defendant Grimes for numerous instances of sexual misconduct with inmates.

68)    Defendant Wilson failed to adhere to Defendant BOP's policies requiring that Defendant Wilson take administrative disciplinary action against Defendant Grimes for numerous instances of sexual misconduct with inmates, taking place between November 2016 and December 2017.

69)     Due to the Defendants' failure to comply with the requirements of PREA and the policies implemented by Defendant BOP, Defendant Grimes was able to abuse his custodial, supervisory, and disciplinary authority over Plaintiff to sexually harass and assault her.

70)     As a result of the sexual assault and harassment inflicted by Defendant Grimes and permitted to occur due to the failure of Defendant BOP and Defendant Wilson to comply with PREA and the policies implemented by Defendant BOP, Plaintiff has suffered significant emotional, psychological and physical stress, among other personal and pecuniary injuries.

### COUNT I – AGAINST DEFENDANT BOP AND DEFENDANT WILSON
### VIOLATION OF THE EIGHTH AMENDMENT
### Failure to Protect

71)     All paragraphs of this complaint not falling under this count, are incorporated herein by reference as if fully stated.

72)     Plaintiff has a clearly established right under the Eighth Amendment of the Constitution of the United States to not be subjected to cruel and unusual punishment while incarcerated.

73)      Sexual abuse and sexual harassment are not legitimate forms of punishment, are not ancillary components of any prison sentence, and serve no legitimate penological purpose.

74)     Defendant BOP and Defendant Wilson owed Plaintiff a duty to provide constitutionally safe and secure conditions of confinement.

75)     Upon information and belief, Defendant BOP and Defendant Wilson were aware, or should have been aware, that Defendant Grimes was sexually abusing and harassing female inmates at FPC Alderson. Defendant Grimes has pled guilty to involvement in sexual misconduct as early as November 2016, nearly a year prior to Defendant Grimes' assault on Plaintiff in late September 2017. In addition, Defendant Grimes was involved in sexually abusing numerous other

female inmates prior to abusing Plaintiff, which Defendant BOP and Defendant Wilson knew about or should have known about, including:

a)  Engaging in sexual intercourse with a female inmate at the Warden's house at FPC Alderson in or about November 2016;

b)  Engaging in sexual intercourse with a female inmate at the training center at FPC Alderson in or about April 2017;

c)  Engaging in sexual intercourse with a female inmate on multiple occasions at the training center at FPC Alderson, starting in May 2017 and continuing through October 2017;

d)  Engaging in sexual intercourse with a female inmate in the medical building at FPC Alderson on or about July 12, 2017;

e)  Engaging in sexual intercourse with a female inmate on multiple occasions in his office at FPC Alderson, starting in August 2017;

f)  Engaging in sexual intercourse with a female inmate on multiple occasions in his office at FPC Alderson, beginning in September 2017; and

g)  Engaging in sexual acts with a female inmate on multiple occasions in his office at FPC Alderson, starting in September 2017, involving contact between Defendant Grimes' penis and the female inmate's mouth.

76)    Further, Defendant BOP and Defendant Wilson knew, or should have known, about Defendant Grimes' continual sexual abuse and sexual harassment of female inmates, as Defendant Grimes' conduct arose from a pervasive and implicitly condoned culture of sexual abuse and harassment that was widespread and well-known to FPC Alderson inmates and FPC Alderson employees.

77)     Defendant BOP and Defendant Wilson also knew, or should have known, about Defendant Grimes' continual sexual abuse and sexual harassment of female inmates, as at least two victims of Defendant Grimes' conduct filed formal administrative remedy requests prior to Defendant Grimes' sexual assault on Plaintiff in late September 2017.

78)     Defendant BOP and Defendant Wilson are responsible for the care and safety of the inmates within their custody, including Plaintiff, and are responsible under the Eight Amendment of the United States Constitution for taking reasonable steps to guarantee the safety of the inmates in their custody.

79)     Permitting Defendant Grimes to retain his position as the Captain of FPC Alderson and maintain custodial, supervisory and disciplinary authority over the female inmates that Defendant Grimes sexually abused and harassed posed a substantial risk of serious harm to Plaintiff.

80)     Defendant BOP and Defendant Wilson failed to take any steps as could be reasonably expected to address the danger Defendant Grimes posed to female inmates.

81)     Defendant BOP and Defendant Wilson were deliberately indifferent to and/or complicit in the risk Plaintiff faced, by failing to take any such reasonable steps to address the danger posed by Defendant Grimes, including, but not limited to, adequately investigating Defendant Grimes' conduct and implementing sufficient disciplinary measures to stop the continuous sexual misconduct.

82)     The inaction of Defendant BOP, Defendant Wilson, and all other correctional staff responsible for the care, custody, and safety of Plaintiff in the face of a known, substantial risk to Plaintiff's safety was a violation of Plaintiff's rights under the United States Constitution.

83)     The acts, omissions, policies, and practices of Defendant BOP and Defendant Wilson constituted a knowing violation of Plaintiff's clearly established constitutional rights.

84)     The acts, omissions, policies, and practices of Defendant BOP and Defendant Wilson directly and proximately caused the violation of Plaintiff's Eight Amendment right to be free from sexual abuse and sexual harassment while incarcerated.

85)     Defendant BOP and Defendant Wilson directly and proximately caused the violation of Plaintiff's rights by failing to adequately train, supervise, and discipline the administrators and guards employed at FPC Alderson to follow Defendant BOP's policies and PREA.

86)     Defendant BOP and Defendant Wilson directly and proximately caused the violation of Plaintiff's rights by failing to adhere to Defendant BOP's policies and PREA regulations regarding the mandatory reporting of suspected sexual abuse and/or misconduct, and failing to ensure that Defendant BOP's employees and agents employed at FPC Alderson followed such policies, thereby failing to adequately prevent Defendant Grimes' sexual abuse of Plaintiff.

87)     Defendant BOP and Defendant Wilson directly and proximately caused the violation of Plaintiff's rights by failing to adhere to Defendant BOP's policies and PREA regulations regarding the investigation of suspected sexual abuse and/or misconduct, and failing to ensure that Defendant BOP's employees and agents employed at FPC Alderson followed such policies, thereby failing to adequately prevent Defendant Grimes' sexual abuse of Plaintiff.

88)     Defendant BOP and Defendant Wilson directly and proximately caused the violation of Plaintiff's rights by failing to adhere to Defendant BOP's policies and PREA regulations regarding mandatory discipline of guards violating PREA and/or Defendant BOP's policies, and failing to ensure that Defendant BOP's employees and agents employed at FPC

Alderson followed such policies, thereby failing to adequately prevent Defendant Grimes' sexual abuse of Plaintiff.

89)     Defendant BOP and Defendant Wilson directly and proximately caused the violation of Plaintiff's rights by failing to take any other reasonable steps to stop Defendant Grimes' continual sexual misconduct, including, but not limited to, limiting the opportunities for FPC Alderson guards to be alone with inmates unsupervised, or to make further interventions to prevent Defendant Grimes from being able to be alone in his office with a female inmate, unsupervised and unobserved, thereby failing to adequately prevent Defendant Grimes' sexual abuse of Plaintiff.

90)     As a direct and proximate result of Defendant BOP's and Defendant Wilson's acts, omissions, policies, and practices, Plaintiff was subjected to unnecessary pain, emotional, psychological, and physical injury and stress, among other injuries resulting from the serious dignitary injury and violation of Plaintiff's person.

91)     The conduct of Defendant BOP, Defendant Wilson, and other prison administrators and guards at FPC Alderson was of such a quality and nature as to warrant Defendant BOP's and Defendant Wilson's liability for punitive damages, in accordance with applicable law.

WHEREFORE, the Plaintiff demands ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, punitive damages in an amount to be determined by a jury, costs and attorneys' fees, and such other relief as this Honorable Court deems appropriate.

### COUNT II – AGAINST DEFENDANT GRIMES
### VIOLATION OF THE EIGHTH AMENDMENT
### Cruel and Unusual Punishment

92)     All paragraphs of this complaint not falling under this count, are incorporated herein by reference as if fully stated.

93)     Plaintiff has a clearly established right under the Eighth Amendment of the Constitution of the United States to not be subjected to cruel and unusual punishment while incarcerated.

94)      Sexual abuse and sexual harassment are not legitimate forms of punishment, are not ancillary components of any prison sentence, and serve no legitimate penological purpose.

95)     Defendant Grimes owed Plaintiff a duty to provide constitutionally safe and secure conditions of confinement.

96)     Defendant Grimes violated his duty to Plaintiff to provide constitutionally safe and secure conditions of confinement by subjecting Plaintiff to persistent verbal sexual harassment on a daily basis from January 2017 through October 2017, while Plaintiff was in Defendant Grimes' custodial, supervisory and disciplinary authority.

97)     Defendant Grimes violated his duty to Plaintiff to provide constitutionally safe and secure conditions of confinement by sexually assaulting Plaintiff on or about late September 2017. Defendant Grimes' sexual misconduct included forcibly kissing Plaintiff, groping Plaintiff's breast through her shirt, throwing Plaintiff on a side table, pulling down Plaintiff's pants, and attempting to penetrate Plaintiff while Plaintiff yelled and screamed for him to stop.

98)     Defendant Grimes was acting under color of law and in his position as the Captain of FPC Alderson, utilizing his custodial, supervisory and disciplinary authority over Plaintiff.

99)     As a direct and proximate result of Defendant Grimes' sexual abuse and harassment, Plaintiff was subjected to unnecessary pain, emotional, psychological, and physical injury and stress, among other injuries resulting from the serious dignitary injury and violation of Plaintiff's person.

100) Defendant Grimes' sexual abuse and sexual harassment was inhumane and outrageous conduct.

101) Plaintiff is entitled to compensatory and punitive damages and attorneys' fees and costs.

WHEREFORE, the Plaintiff demands ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, punitive damages in an amount to be determined by a jury, costs and attorneys' fees, and such other relief as this Honorable Court deems appropriate.

### COUNT III – AGAINST DEFENDANT BOP AND DEFENDANT WILSON
### VIOLATION OF THE FEDERAL TORT CLAIMS ACT
### Negligence

102) All paragraphs of this complaint not falling under this count, are incorporated herein by reference as if fully stated.

103) Defendant BOP and Defendant Wilson are responsible to "provide for the protection … of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(3).

104) Defendant BOP and Defendant Wilson are also responsible for "provid[ing] suitable quarters and provid[ing] for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(2).

105) Defendant BOP and Defendant Wilson owed a legal duty to Plaintiff to protect Plaintiff from harm caused by correctional officers and other prison officials.

106) Defendant BOP and Defendant Wilson owed a legal duty to Plaintiff under PREA to enforce a zero-tolerance policy regarding the sexual abuse and harassment of inmates by correctional officers.

107)     Defendant BOP and Defendant Wilson owed a legal duty to Plaintiff to comply with Defendant BOP's policies.

108)     Defendant BOP and Defendant Wilson breached their duty to Plaintiff by negligently operating and managing FPC Alderson, including, but not limited to:

    a)  Failing to adhere to PREA regulations and Defendant BOP's policies regarding the mandatory reporting of suspected sexual abuse and/or misconduct;

    b)  Failing to adhere to PREA regulations and Defendant BOP's policies regarding the adequate investigation of suspected sexual abuse and/or misconduct;

    c)  Failing to adhere to PREA regulations and Defendant BOP's policies regarding the mandatory discipline of suspected sexual abuse and/or misconduct;

    d)  Failing to adopt, incorporate, and enforce any additional rules, regulations, policies and/or procedures as would reasonably protect Plaintiff and other female inmates kept within the custody of Defendant BOP and Defendant Wilson from sexual abuse and sexual harassment by correctional officers; and

    e)  Permitting a pervasive culture and practice of sexual abuse and harassment of guards on female inmates at FPC Alderson.

109)     Defendant BOP and Defendant Wilson acted negligently and/or recklessly in failing to meet their duty of care to Plaintiff.

110)     As a direct and proximate result of Defendant BOP's and Defendant Wilson's negligence and/or recklessness, Plaintiff was subjected to unnecessary pain, emotional, psychological, and physical injury and stress, among other injuries resulting from the serious dignitary injury and violation of Plaintiff's person.

WHEREFORE, the Plaintiff demands ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, punitive damages in an amount to be determined by a jury, costs and attorneys' fees, and such other relief as this Honorable Court deems appropriate.

### COUNT IV – AGAINST DEFENDANT BOP AND DEFENDANT WILSON
### VIOLATION OF THE FEDERAL TORT CLAIMS ACT
### Negligent Hiring, Training, Retention, Supervision

111)   All paragraphs of this complaint not falling under this count, are incorporated herein by reference as if fully stated.

112)   Defendant BOP and Defendant Wilson are responsible for the oversight of their employees, including the officers and staff at federal correctional institutions such as FPC Alderson.

113)   Defendant BOP and Defendant Wilson are responsible to "provide for the protection … of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(3).

114)   Defendant BOP and Defendant Wilson are also responsible for "provid[ing] suitable quarters and provid[ing] for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(2).

115)   Defendant BOP and Defendant Wilson owed a legal duty to Plaintiff, as an inmate in their care and custody, to adequately oversee their employees at FPC Alderson and ensure the safety of the inmates within their care, including ensuring that the inmates within their care are free from the dangers of sexual abuse and sexual harassment.

116)   Defendant BOP and Defendant Wilson owed a legal duty to Plaintiff under PREA to enforce a zero-tolerance policy regarding the sexual abuse and harassment of inmates by correctional officers.

117)    Defendant BOP and Defendant Wilson owed a legal duty to Plaintiff to ensure Defendant BOP's employees and agents employed at FPC Alderson adhered to PREA regulations and Defendant BOP's policies.

118)    Defendant BOP and Defendant Wilson breached their duty to Plaintiff by negligently operating and managing FPC Alderson, including, but not limited to:

a)  Hiring and retaining Defendant Grimes, who Defendant BOP and Defendant Wilson knew, or should have known, to be of such poor moral character, temperament, and disposition as to be totally unfit to be hired and retained as the Captain of FPC Alderson, with custodial, supervisory and disciplinary authority over Plaintiff;

b)  Failing to adequately train, supervise, and discipline the administrators and guards employed at FPC Alderson to follow Defendant BOP's policies and regulations pursuant to PREA;

c)  Failing to ensure that Defendant BOP's employees and agents employed at FPC Alderson followed PREA regulations and Defendant BOP's policies regarding the mandatory reporting of suspected sexual abuse and/or misconduct;

d)  Failing to ensure that Defendant BOP's employees and agents employed at FPC Alderson followed PREA regulations and Defendant BOP's policies regarding the adequate investigation of suspected sexual abuse and/or misconduct; and

e)  Failing to ensure that Defendant BOP's employees and agents employed at FPC Alderson followed PREA regulations and Defendant BOP's policies regarding the mandatory discipline of suspected sexual abuse and/or misconduct.

119)    Defendant BOP and Defendant Wilson acted negligently and/or recklessly in failing to meet their duty of care to Plaintiff.

120)    As a direct and proximate result of Defendant BOP's and Defendant Wilson's negligence and/or recklessness, Plaintiff was subjected to unnecessary pain, emotional, psychological, and physical injury and stress, among other injuries resulting from the serious dignitary injury and violation of Plaintiff's person.

WHEREFORE, the Plaintiff demands ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, punitive damages in an amount to be determined by a jury, costs and attorneys' fees, and such other relief as this Honorable Court deems appropriate.

## COUNT V – AGAINST DEFENDANT BOP AND DEFENDANT WILSON
## VIOLATION OF THE FEDERAL TORT CLAIMS ACT
### Assault

121)    All paragraphs of this complaint not falling under this count, are incorporated herein by reference as if fully stated.

122)    At all times relevant to the occurrences described herein, Defendant Grimes was acting under color of law and in within the course and scope of his employment as the Captain of FPC Alderson, under the supervision of Defendant Wilson. Thus, Defendant Grimes' acts are imputable to Defendant BOP and Defendant Wilson.

123)    Defendant Grimes intentionally and unlawfully sexually harassed Plaintiff with persistent verbal harassment from January 2017 through October 2017, threatening to do physical harm to Plaintiff with statements such as, "If I could get you alone," and "If you give me a chance."

124)    Defendant Grimes intentionally and unlawfully sexually assaulted Plaintiff in or about late September 2017 by forcibly kissing Plaintiff, groping Plaintiff's breast through her shirt, throwing Plaintiff on a side table, pulling down Plaintiff's pants, and attempting to penetrate

Plaintiff while Plaintiff yelled and screamed for him to stop. Defendant Grimes' actions caused physical harm to Plaintiff, while his attempt to penetrate Plaintiff threatened to do further physical harm.

125)    Defendant Grimes' actions subjected Plaintiff to sexual abuse and harassment, which were wrongful as a tort under the laws of the United States and without justification under any applicable federal statute or rule.

126)    As a direct and proximate result of Defendant Grimes' sexual abuse and harassment, Plaintiff was subjected to unnecessary pain, emotional, psychological, and physical injury and stress, among other injuries resulting from the serious dignitary injury and violation of Plaintiff's person.

WHEREFORE, the Plaintiff demands ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, punitive damages in an amount to be determined by a jury, costs and attorneys' fees, and such other relief as this Honorable Court deems appropriate.

## COUNT VI – AGAINST DEFENDANT GRIMES
## ASSAULT

127)    All paragraphs of this complaint not falling under this count, are incorporated herein by reference as if fully stated.

128)    Defendant Grimes intentionally and unlawfully sexually harassed Plaintiff with persistent verbal harassment from January 2017 through October 2017, threatening to do physical harm to Plaintiff with statements such as, "If I could get you alone," and "If you give me a chance."

129)    Defendant Grimes intentionally and unlawfully sexually assaulted Plaintiff in or about late September 2017 by forcibly kissing Plaintiff, groping Plaintiff's breast through her shirt, throwing Plaintiff on a side table, pulling down Plaintiff's pants, and attempting to penetrate Plaintiff while Plaintiff yelled and screamed for him to stop. Defendant Grimes' actions caused

physical harm to Plaintiff, while his attempt to penetrate Plaintiff threatened to do further physical harm.

130)   Defendant Grimes' actions subjected Plaintiff to sexual abuse and harassment, which were wrongful as a tort under the laws of the United States and without justification under any applicable federal statute or rule.

131)   As a direct and proximate result of Defendant Grimes' sexual abuse and harassment, Plaintiff was subjected to unnecessary pain, emotional, psychological, and physical injury and stress, among other injuries resulting from the serious dignitary injury and violation of Plaintiff's person.

WHEREFORE, the Plaintiff demands ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, punitive damages in an amount to be determined by a jury, costs and attorneys' fees, and such other relief as this Honorable Court deems appropriate.

### COUNT VII – AGAINST DEFENDANT BOP AND DEFENDANT WILSON
### VIOLATION OF THE FEDERAL TORT CLAIMS ACT
### Battery

132)   All paragraphs of this complaint not falling under this count, are incorporated herein by reference as if fully stated.

133)   At all times relevant to the occurrences described herein, Defendant Grimes was acting under color of law and in within the course and scope of his employment as the Captain of FPC Alderson, under the supervision of Defendant Wilson. Thus, Defendant Grimes' acts are imputable to Defendant BOP and Defendant Wilson.

134)   Defendant Grimes intentionally causes a harmful or offensive bodily contact with Plaintiff by sexually assaulted Plaintiff in or about late September 2017. The harmful and offensive body contact included forcibly kissing Plaintiff, groping Plaintiff's breast through her shirt,

throwing Plaintiff on a side table, pulling down Plaintiff's pants, and attempting to penetrate Plaintiff while Plaintiff yelled and screamed for Defendant Grimes to stop.

135)   Defendant Grimes' actions subjected Plaintiff to sexual abuse and harassment, which were wrongful as a tort under the laws of the United States and without justification under any applicable federal statute or rule.

136)   As a direct and proximate result of Defendant Grimes' sexual abuse, Plaintiff was subjected to unnecessary pain, emotional, psychological, and physical injury and stress, among other injuries resulting from the serious dignitary injury and violation of Plaintiff's person.

WHEREFORE, the Plaintiff demands ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, punitive damages in an amount to be determined by a jury, costs and attorneys' fees, and such other relief as this Honorable Court deems appropriate.

## COUNT VIII – AGAINST DEFENDANT GRIMES
### BATTERY

137)   All paragraphs of this complaint not falling under this count, are incorporated herein by reference as if fully stated.

138)   Defendant Grimes intentionally causes a harmful or offensive bodily contact with Plaintiff by sexually assaulted Plaintiff in or about late September 2017. The harmful and offensive body contact included forcibly kissing Plaintiff, groping Plaintiff's breast through her shirt, throwing Plaintiff on a side table, pulling down Plaintiff's pants, and attempting to penetrate Plaintiff while Plaintiff yelled and screamed for Defendant Grimes to stop.

139)   Defendant Grimes' actions subjected Plaintiff to sexual abuse and harassment, which were wrongful as a tort under the laws of the United States and without justification under any applicable federal statute or rule.

140)    As a direct and proximate result of Defendant Grimes' sexual abuse, Plaintiff was subjected to unnecessary pain, emotional, psychological, and physical injury and stress, among other injuries resulting from the serious dignitary injury and violation of Plaintiff's person.

WHEREFORE, the Plaintiff demands ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, punitive damages in an amount to be determined by a jury, costs and attorneys' fees, and such other relief as this Honorable Court deems appropriate.

### COUNT IX – AGAINST DEFENDANT BOP AND DEFENDANT WILSON
### VIOLATION OF THE FEDERAL TORT CLAIMS ACT
### Intentional Infliction of Emotional Distress

141)    All paragraphs of this complaint not falling under this count, are incorporated herein by reference as if fully stated.

142)    At all times relevant to the occurrences described herein, Defendant Grimes was acting under color of law and in within the course and scope of his employment as the Captain of FPC Alderson, under the supervision of Defendant Wilson. Thus, Defendant Grimes' acts are imputable to Defendant BOP and Defendant Wilson.

143)    Defendant Grimes sexually harassed Plaintiff with persistent verbal harassment from January 2017 through October 2017, threatening to do physical harm to Plaintiff with statements such as, "If I could get you alone," and "If you give me a chance."

144)    Defendant Grimes sexually assaulted Plaintiff in or about late September 2017 by forcibly kissing Plaintiff, groping Plaintiff's breast through her shirt, throwing Plaintiff on a side table, pulling down Plaintiff's pants, and attempting to penetrate Plaintiff while Plaintiff yelled and screamed for him to stop.

145)   Defendant Grimes' conduct in sexually assaulting Plaintiff, forcibly kissing her, groping her breast, pulling down her pants, and attempting to penetrate her was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency.

146)   Defendant Grimes acted with the intent to inflict emotional distress on Plaintiff, or, in the alternative, acted recklessly when it was certain Defendant Grimes' conduct would inflict emotional distress on Plaintiff, as Defendant Grimes spent months sexually harassing Plaintiff by threatening her with statements such as, "If I could get you alone." Defendant Grimes then completely isolated Plaintiff by calling her into his office late at night, with no other correctional officer in the hallway or anywhere nearby, with the office lights dimmed and the blinds closed. Further, Defendant Grimes' abuse of his authority and control to threaten and abuse female inmates was purposefully intended to emotionally distress the inmates he victimized. After intentionally or recklessly placing Plaintiff in a state of fear and emotional distress, Defendant Grimes sexually assaulted her.

147)   Defendant Grimes' conduct did cause Plaintiff severe emotional distress. As a direct and proximate result of Defendant Grimes' sexual abuse and harassment, Plaintiff was subjected to unnecessary pain, emotional, psychological, and physical injury and stress.

148)   The emotional distress suffered by Plaintiff was so severe that no reasonable person could be expected to endure it, as the sexual assault suffered by Plaintiff involved a serious dignitary injury and a severe violation of Plaintiff's person that no reasonable person could be expected to endure.

WHEREFORE, the Plaintiff demands ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, punitive damages in an amount to be determined by a jury, costs and attorneys' fees, and such other relief as this Honorable Court deems appropriate.

## COUNT X – AGAINST DEFENDANT GRIMES
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

149)  All paragraphs of this complaint not falling under this count, are incorporated herein by reference as if fully stated.

150)  Defendant Grimes sexually harassed Plaintiff with persistent verbal harassment from January 2017 through October 2017, threatening to do physical harm to Plaintiff with statements such as, "If I could get you alone," and "If you give me a chance."

151)  Defendant Grimes sexually assaulted Plaintiff in or about late September 2017 by forcibly kissing Plaintiff, groping Plaintiff's breast through her shirt, throwing Plaintiff on a side table, pulling down Plaintiff's pants, and attempting to penetrate Plaintiff while Plaintiff yelled and screamed for him to stop.

152)  Defendant Grimes' conduct in sexually assaulting Plaintiff, forcibly kissing her, groping her breast, pulling down her pants, and attempting to penetrate her was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency.

153)  Defendant Grimes acted with the intent to inflict emotional distress on Plaintiff, or, in the alternative, acted recklessly when it was certain Defendant Grimes' conduct would inflict emotional distress on Plaintiff, as Defendant Grimes spent months sexually harassing Plaintiff by threatening her with statements such as, "If I could get you alone." Defendant Grimes then completely isolated Plaintiff by calling her into his office late at night, with no other correctional officer in the hallway or anywhere nearby, with the office lights dimmed and the blinds closed. Further, Defendant Grimes' abuse of his authority and control to threaten and abuse female inmates was purposefully intended to emotionally distress the inmates he victimized. After intentionally or recklessly placing Plaintiff in a state of fear and emotional distress, Defendant Grimes sexually assaulted her.

154)   Defendant Grimes' conduct did cause Plaintiff severe emotional distress. As a direct and proximate result of Defendant Grimes' sexual abuse and harassment, Plaintiff was subjected to unnecessary pain, emotional, psychological, and physical injury and stress.

155)   The emotional distress suffered by Plaintiff was so severe that no reasonable person could be expected to endure it, as the sexual assault suffered by Plaintiff involved a serious dignitary injury and a severe violation of Plaintiff's person that no reasonable person could be expected to endure.

WHEREFORE, the Plaintiff demands ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, punitive damages in an amount to be determined by a jury, costs and attorneys' fees, and such other relief as this Honorable Court deems appropriate.

### COUNT XI – AGAINST DEFENDANT BOP AND DEFENDANT WILSON
### VIOLATION OF THE FEDERAL TORT CLAIMS ACT
### Negligent Infliction of Emotional Distress

156)   All paragraphs of this complaint not falling under this count, are incorporated herein by reference as if fully stated.

157)   At all times relevant to the occurrences described herein, Defendant Grimes was acting under color of law and in within the course and scope of his employment as the Captain of FPC Alderson, under the supervision of Defendant Wilson. Thus, Defendant Grimes' acts are imputable to Defendant BOP and Defendant Wilson.

158)   Defendant Grimes sexually harassed Plaintiff with persistent verbal harassment from January 2017 through October 2017, threatening to do physical harm to Plaintiff with statements such as, "If I could get you alone," and "If you give me a chance."

159)   Defendant Grimes sexually assaulted Plaintiff in or about late September 2017 by forcibly kissing Plaintiff, groping Plaintiff's breast through her shirt, throwing Plaintiff on a side

table, pulling down Plaintiff's pants, and attempting to penetrate Plaintiff while Plaintiff yelled and screamed for him to stop.

160)   Defendant Grimes' conduct caused Plaintiff to fear for her physical safety. Defendant Grimes verbally threatened to rape Plaintiff when she walked into his office, telling her, "If you want some dick, you should've just told me."

161)   Defendant Grimes' sexual assault of Plaintiff, pulling down her pants and repeatedly attempting to penetrate her, caused Plaintiff to fear that she would be penetrated and raped.

162)   Defendant Grimes' sexually abusive conduct caused Plaintiff severe distress, as she was subjected to unnecessary pain, emotional, psychological, and physical injury, and stress.

163)   The emotional distress suffered by Plaintiff was so severe that no reasonable person could be expected to endure it, as the sexual assault suffered by Plaintiff involved a serious dignitary injury and a severe violation of Plaintiff's person that no reasonable person could be expected to endure.

WHEREFORE, the Plaintiff demands ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, punitive damages in an amount to be determined by a jury, costs and attorneys' fees, and such other relief as this Honorable Court deems appropriate.

### COUNT XII – AGAINST DEFENDANT GRIMES
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

164)   All paragraphs of this complaint not falling under this count, are incorporated herein by reference as if fully stated.

165)   Defendant Grimes sexually harassed Plaintiff with persistent verbal harassment from January 2017 through October 2017, threatening to do physical harm to Plaintiff with statements such as, "If I could get you alone," and "If you give me a chance."

166)     Defendant Grimes sexually assaulted Plaintiff in or about late September 2017 by forcibly kissing Plaintiff, groping Plaintiff's breast through her shirt, throwing Plaintiff on a side table, pulling down Plaintiff's pants, and attempting to penetrate Plaintiff while Plaintiff yelled and screamed for him to stop.

167)     Defendant Grimes' conduct caused Plaintiff to fear for her physical safety. Defendant Grimes verbally threatened to rape Plaintiff when she walked into his office, telling her, "If you want some dick, you should've just told me."

168)     Defendant Grimes' sexual assault of Plaintiff, pulling down her pants and repeatedly attempting to penetrate her, caused Plaintiff to fear that she would be penetrated and raped.

169)     Defendant Grimes' sexually abusive conduct caused Plaintiff severe distress, as she was subjected to unnecessary pain, emotional, psychological, and physical injury, and stress.

170)     The emotional distress suffered by Plaintiff was so severe that no reasonable person could be expected to endure it, as the sexual assault suffered by Plaintiff involved a serious dignitary injury and a severe violation of Plaintiff's person that no reasonable person could be expected to endure.

WHEREFORE, the Plaintiff demands ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, punitive damages in an amount to be determined by a jury, costs and attorneys' fees, and such other relief as this Honorable Court deems appropriate.

## JURY TRIAL DEMAND

The Plaintiff respectfully demands trial by jury.

Respectfully submitted,

Hansel Law, pc

_____/s/_____
Cary J. Hansel (Bar No. 14722)
cary@hansellaw.com
2514 N. Charles Street
Baltimore, MD 21218
Phone: (301) 461-1040
Fax: (443) 451-8606
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of July, 2020, I caused the foregoing to be filed via the Court's electronic filing system, which will make service on all parties entitled to service.

_____*/s/*_____
Cary J. Hansel